Mrs. A. B. Line

*v.*

Charles C. Spangler, et al.

352 S. W. 2d 434.

(*Knoxville,* September Term, 1961.)

Opinion filed December 8, 1961.

W. E. Badgett, Knoxville, for appellant.

Earl S. Ailor, County Solicitor, Knoxville, for appellees.

MR. CHIEF JUSTICE PREWITT delivered the opinion of the Court.

Complainant's suit as a taxpayer was filed seeking to obtain an injunction to prevent a referendum in Knox County concerning the sale of bonds not to exceed $380,-000.00 to provide for a reassessment and equalization program for Knox County. The defendant filed a demurrer to the bill which was sustained by the Chancellor and the suit dismissed. This appeal resulted.

It appears that complainant filed the original bill in this cause in the Chancery Court for Knox County as a taxpayer against defendants, Spangler, Tallent and Wilson in their official capacity as members of the Board of County Commissioners of Knox County, and against the defendants, Lavin, Cole and Henderlight in their official capacity as members of the Board of Election Commissioners of Knox County.

The bill further set out that the County Commissioners authorized a referendum for this bond issue, and the bill further set out that the estimated cost of the taxpayers of Knox County to hold such a referendum was in excess of $10,000.00, and that the action of the County Commissioners in taking such a referendum was illegal and void, and that the County Commissioners had no authority to call for such a referendum, and that the Commissioners had no authority or legal right to expend money to employ an outside firm or any person for reassessing the property values for tax assessment purposes in Knox County.

The defendants assert their rights under the provisions of Section 67-1701 T.C.A. to provide facilities by contract

for individuals, firms or corporations, to render advice or assistance to the local tax assessor in the assessment and equalizing taxes.

The question relative to such contracts appear to be answered in Section 67-1706 T.C.A. which section provides as follows:

"The quarterly county court, county commission, county council or other governing body of any county, or the governing body of any town or city, are authorized and empowered, in their discretion, to enter into contracts with individuals, firms or corporations to render advice or assistance to the local tax assessor and the local board of equalization in the assessment and equalization of taxes."

The question concerning the expenditure of funds for the above type contracts is for the most part a moot question at the present time, since a contract was entered into by the County officials for a reappraisal and revaluation program, and said program is substantially completed at the present time and the funds for the same have been substantially expended for the program.

Under Section 5-1001 T.C.A. it is provided:

"Any bonds authorized to be issued by any of the counties, upon the faith and credit of such county, for public purposes, shall only be upon an election to be first held by the qualified voters of such county and the assent of a majority of the votes cast in said election * * *."

We have considered all assignments of error and find them without merit, and the decree of the Chancellor is affirmed.

BURNETT, FELTS, WHITE, AND DYER, JUSTICES, concur.